1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES EDWARD SCOTT,

Plaintiff,

v.

NEVADA DEPARTMENT OF
CORRECTIONS,

Defendant.

Case No. 3:24-cv-00018-MMD-CLB

**ORDER**

**(ECF No. 3)**

On January 9, 2024, state prisoner James Scott filed a document titled "Plaintiff's Motion Seeking an Emergency Prohibitory Injunction to Protect his Life" together with exhibits purportedly supporting the same. (ECF No. 1-1). Plaintiff later filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 3). Shortly thereafter, the Court entered an order assigning the parties to global mediation by a court-appointed mediator. (ECF No. 4). Settlement was not reached at the global mediation conference. (ECF No. 5). And this case has been returned to its pre-mediation procedural posture. (*Id.*)

Plaintiff's initiating document does not constitute a complaint, and the financial documents submitted with his IFP application are outdated. The Court therefore denies Plaintiff's IFP application and gives him an extension of time to file a signed complaint and either pay the $405 filing fee or file a new fully complete IFP application.

I.     **DISCUSSION**

A.     **Plaintiff must submit a signed complaint to the Court.**

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." Nev. LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

1    Plaintiff's initiating motion is not a complaint because it does not contain

2    substantially all the information called for by the Court's form. If Plaintiff wishes to proceed

3    with this action, he must file a complaint that complies with LSR 2-1 and is personally

4    signed. And Plaintiff should file the complaint on this Court's approved civil-rights form.

5            **B.       Plaintiff must either pay the filing fee or file a new IFP application.**

6            This Court must collect filing fees from parties initiating civil actions. 28 U.S.C.

7    § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which

8    includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any

9    person who is unable to prepay the fees in a civil case may apply to the court for leave to

10   proceed *in forma pauperis*." Nev. LSR 1-1. For an inmate to apply for *in forma pauperis*

11   status, the inmate must submit all three of the following documents to the Court: (1) a

12   completed Application to Proceed *in Forma Pauperis* for Inmate, which is pages 1–3 of

13   the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a

14   completed Financial Certificate, which is page 4 of the Court's approved form, that is

15   properly signed by both the inmate and a prison or jail official; and (3) a copy of the

16   inmate's prison or jail trust fund account statement for the previous six-month period. *See*

17   28 U.S.C. § 1915(a)(1)–(2); Nev. LSR 1-2. *In forma pauperis* status does not relieve an

18   inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay

19   the fee in installments. *See* 28 U.S.C. § 1915(b).

20           When Plaintiff filed his IFP application on January 16, 2024, he submitted a

21   financial certificate dated June 16, 2023, and an inmate account statement for December

22   10, 2022, to June 9, 2023, with it. (ECF No. 3 at 4–10). Plaintiff also filed a declaration

23   stating that his financial situation has not changed since those financial documents were

24   generated. (*Id.* at 11). But Plaintiff's submission does not comply with the rules governing

25   *in forma pauperis* status for incarcerated persons because his financial documents do not

26   concern the previous six-month period. And Plaintiff does not state that he is unable to

27   obtain updated financial documents from prison officials. Plaintiff's IFP application is

28   therefore denied, and he is granted an extension of time to correct the deficiency.

**II.      CONCLUSION**

It is therefore ordered that Plaintiff has **until May 10, 2024**, to submit a signed complaint to this Court.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 3) is denied without prejudice.

It is further ordered that Plaintiff has **until May 10, 2024**, to either pay the full $405 filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when he can file a signed complaint and either pay the filing fee or properly apply for *in forma pauperis* status.

The Clerk of the Court is directed to send Plaintiff James Scott (1) the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same and (2) an application to proceed *in forma pauperis* for inmate and instructions for the same.

DATED THIS 11th day of March 2024.

_____
UNITED STATES MAGISTRATE JUDGE

3