1

2

3                          UNITED STATES DISTRICT COURT

4                               DISTRICT OF NEVADA

5                                      * * *

6    JAMES EDWARD SCOTT,                       Case No. 3:24-cv-00018-MMD-CLB

7                         Plaintiff,                          ORDER

          v.
8
     NEVADA DEPARTMENT OF
9    CORRECTIONS, *et al.*,

10                        Defendants.

11

12          State prisoner James Scott brings this civil-rights action contending that his rights

13   were violated while he was incarcerated at Northern Nevada Correctional Center

14   ("NNCC") when prison staff refused to transport him to dialysis appointments unless he

15   wore an NNCC-issued jumpsuit. In screening Scott's Amended Complaint (ECF No. 17),

16   the Court allowed claims under the Eighth Amendment, the Americans with Disabilities

17   Act ("ADA"), and the Rehabilitation Act ("RA") to proceed, and it dismissed claims under

18   the First and Fourteenth Amendments with leave to amend by October 11, 2024, if Scott

19   chose to do so. (ECF No. 16.) Before that deadline expired, Scott filed a motion for leave

20   to file an oversized amended complaint followed by a First Amended Complaint ("FAC")

21   that exceeds the 30-page limit for such pleadings by 26 pages. (ECF Nos. 18, 19.) Scott

22   argues that he needs excess pages to plausibly allege that 112 individuals and entities

23   are liable for his claims and expand the date of violations to August 13, 2024. (ECF

24   No. 18.)[1]

25          Having reviewed the FAC, the Court finds that Scott does not require excess pages

26   to plead his claims. The Court granted Scott leave to amend to attempt to replead his

27

28   ──────────────
              [1]The Amended Complaint was filed on September 11, 2024, and concerns
     violations that allegedly happened from January 3 to 20, 2024. (ECF No. 17.)

First Amendment retaliation and Fourteenth Amendment equal-protection claims. The Court did not grant Scott leave to expand the scope of his Eighth Amendment medical-indifference or disability-discrimination claims. Nor did it grant Scott leave to add new claims. But many pages of the FAC are devoted to adding new defendants to existing claims, new claims altogether, or expanding the temporal scope of existing claims. These defects are made worse by Scott's failure to plead facts showing how each defendant personally participated in the alleged constitutional violations. Instead, Scott repeatedly offers only general and vague conclusions that all 112 proposed defendants knew about his medical needs and required him to wear the jumpsuit to his dialysis appointments, or didn't intervene to prevent staff from doing so, or did not provide his recently prescribed anti-itch medication. And it is difficult to tell what claims Scott is trying to bring because the FAC consists of 18 pages listing the parties followed by 38 pages of "facts" without any clear claim for relief stated.

In sum, the FAC grossly exceeds the scope of leave to amend that the Court granted, does not clearly attempt to replead claims for which Scott was granted leave to amend, does not contain facts sufficient to show that most of the 112 proposed defendants are responsible for the medical-custody matter at issue in the operative pleading, and does not—as it must—contain "a short and plain statement of the claim[s] showing that [Scott] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). So the Court denies Scott's motion for leave to file an oversized amended complaint, strikes the FAC, and directs this action to proceed as stated in the screening order. If Scott wishes to file an amended or supplemental pleading, then he may move for leave to do so after the Court enters a scheduling order in this action. Finally, based on the financial information provided, the Court finds that Scott is unable to prepay the filing fee in this action.

It is therefore ordered that Plaintiff James Scott's motion for leave to file an oversized amended complaint (ECF No. 18) is denied.

It is further ordered that the Amended Complaint (ECF No. 17) is Scott's operative complaint.

It is further ordered that, pursuant to the Court's screening order (ECF No. 16), this action will proceed on only (1) the Eighth Amendment medical-indifference claim about the need for hemodialysis against John Henley, Robert Hartman, Chris Sawin, Brendel, and Robert Ashcraft; and (2) the ADA and RA claims about disability discrimination against the State of Nevada and the Nevada Department of Corrections and John Henley, Robert Hartman, Chris Sawin, Brendel, and Robert Ashcraft only in their official capacities.

It is further ordered that all other Defendants are dismissed without prejudice from this action.

It is further ordered that Scott's application to proceed *in forma pauperis* (ECF Nos. 8, 10) is granted. Scott will not be required to pay an initial installment of the filing fee. And he is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. But in the event that this action is dismissed, the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2).

It is further ordered that the Nevada Department of Corrections will forward payments from the account of **JAMES SCOTT, #1207166** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

It is further ordered that service must be perfected within 90 days from the date of this order under Federal Rule of Civil Procedure 4(m).

It is further ordered that, subject to the findings of the screening order (ECF No. 16), within 21 days of the date of entry of this order, the Attorney General's Office will file a notice advising the Court and Scott of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service; and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney

3

General's Office cannot accept service, the Office will file, under seal, but will not serve the inmate plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

It is further ordered that if service cannot be accepted for any of the named defendant(s), Scott will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Scott will provide the full name and address for the defendant(s).

It is further ordered that if the Attorney General accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the Amended Complaint (ECF No. 17) within 60 days from the date of this order.

It is further ordered that Scott will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Scott electronically files a document with the Court's electronic-filing system, no certificate of service is required. *See* Fed. R. Civ. P. 5(d)(1)(B); Nev. LR IC 4-1(b); LR 5-1. But if Scott mails the document to the Court, he will include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Scott will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

It is further ordered that the Clerk of the Court will: (1) send a copy of this order to the Finance Division of the Clerk's Office and the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov;

(2) electronically serve a copy of this order and a copy of the Amended Complaint (ECF No. 17) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet (this does not indicate acceptance of service); and (3) strike the First Amended Complaint (ECF No. 19).

DATED THIS 18th Day of October 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE