UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:24-CV-00018-MMD-CLB<br><br>**ORDER ADDRESSING MISCELLANEOUS MOTIONS**<br><br>[ECF Nos. 45, 52, 53, 55] |

Before the Court are four motions. First, Defendants filed a motion to seal Plaintiff James Edwards Scott's ("Scott") medical records, which were attached to their motion for summary judgment as an exhibit. (ECF No. 45.) Second, Scott filed a motion requesting access to those medical records. (ECF No. 52.) Third, Scott filed a motion to extend the deadline for him to file his opposition to Defendants' motion for summary judgment until after he receives and has a chance to review his medical records. (ECF No. 53.) Fourth, Scott filed a motion asking the Court to order Defendants to consolidate all discovery materials across his many cases and turn it over to him again. (ECF No. 55.) For the reasons discussed below, Defendants' motion to seal Scott's medical records, (ECF No. 45), Scott's motion to access his medical records, (ECF No. 52), and Scott's motion to extend the deadline for him to file his opposition, (ECF No. 53), are granted. However, Scott's motion to consolidate discovery, (ECF No. 55), is denied.

**I.     DISCUSSION**

The Court will first address Defendants' motion to seal, followed by Scott's motions to access his medical records and to extend the deadline for him to file his opposition to Defendants' motion for summary judgment. Because Scott's two motions are related the Court will discuss them together. Lastly, the Court will address Scott's motion to consolidate discovery.

///

### A. Motion to Seal

Defendants move the Court for an order sealing an exhibit to their motion for summary judgment consisting of Scott's medical records. (ECF No. 46.)

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1069 (7th Cir. 2018)). Certain documents are exceptions to this right and are generally kept secret for policy reasons, including grand jury transcripts and warrant materials in a pre-indictment investigation. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

If a party seeks to file a document under seal, there are two possible standards the party must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the case. *Id.* at 1099. If it is more than tangentially related, the compelling reasons standard applies. If not, the good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102.

Here, Defendants seek to file Scott's medical records under seal in connection with their motion for summary judgment, which is "more than tangentially related" to the merits of the case. Therefore, the compelling reasons standard applies. Under the compelling reasons standard "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97) (alteration in original). Finding a compelling reason is "best left to the sound discretion" of the court. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

This Court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records, since

medical records contain sensitive and private information about a person's health. *See, e.g.*, *Spahr v. Med. Dir. Ely State Prison*, No. 3:19-CV-0267-MMD-CLB, 2020 WL 137459, at *2 (D. Nev. Jan. 10, 2020); *Sapp v. Ada Cnty. Med. Dep't*, No. 1:15-CV-00594-BLW, 2018 WL 3613978, at *6 (D. Idaho July 27, 2018); *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013). While certain aspects of a party's medical condition may be at issue in certain types of actions, that does not mean all medical records filed in connection with a motion (which often contains unrelated medical information) must be broadcast to the public. In other words, the party's interest in keeping sensitive health information confidential outweighs the public's need for direct access to medical records.

Here, the exhibit Defendants seek to seal is Scott's medical records which contain sensitive health information related to Scott's medical history and care. Balancing the need for the public's access to information regarding these medical records against the need to maintain the confidentiality of these records weighs in favor of sealing the exhibit. Therefore, Defendants' motion to seal, (ECF No. 45), is granted.

**B.    Accessing Records and Summary Judgment Deadline**

The Court now turns to Scott's motions related to his sealed medical records. In the motions, Scott argues he cannot properly respond to Defendants' motion for summary judgment without reviewing his medical records, which he cannot do because they are sealed. (ECF No. 52.) Scott therefore asks the Court to provide him a copy of the sealed records, (*id.*), and to extend the deadline for him to file his opposition to Defendants' motion for summary judgment until after he has received them and had sufficient time to review them, (ECF No. 53). The Court agrees Scott must be given access to these medical records in order to properly draft his response to Defendants' motion for summary judgment.

Accordingly, Scott's motion to access his medical records, (ECF No. 52), is granted, and the Clerk is directed to send Scott a copy of his records, (ECF No. 46). Regarding Scott's address, it appears based on his recent filings he has moved from

1    Gainesville, Florida to Las Vegas, Nevada. The Clerk is therefore directed to mail Scott's
2    records to his Las Vegas address. Scott is further ordered to file a change of address in
3    this case within 14 days of this order. *See* LR IA 3-1. Failure to do so may result in
4    sanctions, which may include a recommendation that this case be dismissed.

5          Furthermore, Scott's motion to extend the deadline for him to file his opposition to
6    Defendants' motion for summary judgment, (ECF No. 53), is granted. Scott shall file his
7    opposition on or before **Friday, December 5, 2025**. **No further extensions of time will**
8    **be granted absent extraordinary circumstances.**

9          **C.**    **Consolidating Discovery**

10         Lastly, the Court turns to Scott's motion requesting the Court consolidate all
11   discovery materials from his many cases and turn them over to him again. (ECF No. 55.)
12   Scott argues that his release from prison coupled with his medical treatments made it
13   unreasonably difficult for him to maintain the discovery materials previously turned over
14   to him, and that no undue burden or expense would be imposed on Defendants by
15   reproducing or consolidating them. (*Id.* at 2.) The Court disagrees for several reasons.

16         First, Scott's motion is untimely. Discovery in this case closed on June 16, 2025.
17   (ECF No. 30 at 6.) As such, Scott's motion is more than four months late. Second, there
18   is no evidence that Scott met and conferred with Defendants to resolve this issue prior to
19   filing this motion. The Court's discovery plan and scheduling order explicitly states that "a
20   discovery motion will not be considered unless the movant has made a good-faith effort
21   to meet and confer with the opposing party before filing the motion." (*Id.* at 4-5.) On these
22   two bases Scott's motion must be denied.

23         However, even if the Court sets these two issues aside, the Court finds that Scott's
24   motion to consolidate discovery and to require Defendants to provide discovery to him
25   again is both improper and unreasonable. Here, Scott admits that he has, in fact, received
26   discovery in this case. However, in spite of having received that discovery, Scott is
27   requesting the Court to order Defendants to *reproduce* more than 3,500 pages of material
28   and have them either bates stamp or index everything. (*Id.* at 2.) From Scott's perspective,

doing so would not cause Defendants any undue burden or expense because these documents have already been exchanged. (*Id.*) The Court disagrees. Compiling and indexing thousands of pages of documents across numerous lawsuits would be an arduous process incurring several hours of work and associated costs. This is particularly so given that Scott does not provide any case numbers for the cases he wants materials from. The Court declines to order Defendants to undertake such a process, especially given that Scott admits the requested material was already turned over to him.

Accordingly, Scott's motion to consolidate and reproduce discovery, (ECF No. 55), is denied.

## II.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion to file Scott's medical records under seal, (ECF No. 45), is **GRANTED**.

**IT IS FURTHER ORDERED** that Scott's motion to access his sealed medical records, (ECF No. 52), is **GRANTED**. The Clerk is directed to **SEND** a copy of Scott's records, (ECF No. 46), to Scott's new address: 7164 Waving Tree St. Las Vegas, NV 89118. The Clerk is also directed to update Scott's address in this case to the aforementioned address.

**IT IS FURTHER ORDERED** that Scott shall file a notice of change of address with the Court by **Monday, November 17, 2025**.

**IT IS FURTHER ORDERED** that Scott's motion to extend the deadline for him to file his opposition to Defendants' motion for summary judgment, (ECF No. 53), is **GRANTED**. Scott shall file his opposition on or before **Friday, December 5, 2025**. No further extensions of time will be granted absent extraordinary circumstances.

**IT IS FURTHER ORDERED** that Scott's motion to consolidate and reproduce all discovery materials, (ECF No. 55), is **DENIED**.

**DATED**: November 3, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**