**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Case No. 3:24-CV-00018-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Between October 23, 2025, and October 28, 2025, Plaintiff James Edward Scott, III, ("Scott") filed several motions, including a motion to have a copy of his sealed medical records sent to him. (ECF Nos. 52, 53, 55.) The Court granted Scott's motion and ordered a copy of his sealed records be sent to him. (ECF No. 56.) However, through filings in Scott's other cases, the Court was aware that Scott had moved from Gainesville, FL, (ECF No. 32), to Las Vegas, NV, even though he had not filed a change of address in the instant case.[2] To avoid having Scott's confidential medical records sent to an address he no longer resided at, the Court ordered the Clerk to update Scott's address to his Las Vegas address and mail his records to the same. (ECF No. 56 at 5); *see also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

The Court also ordered Scott, despite this courtesy, to formally file a change of address as required by Local Rule IA 3-1, which requires a party to "immediately file with

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2] Specifically, the Court relied on two cases filed by Scott with a Las Vegas address shortly before the Court entered its order — 3:25-CV-00592-ART-CLB and 3:25-CV-00593-MMD-CLB.

the court written notification of any change of mailing address." The Court gave Scott until November 17, 2025, (two weeks) to comply with the order, and cautioned that his "[f]ailure to do so may result in sanctions," including "a recommendation that this case be dismissed." (*Id.* at 4, 5.) To date, Scott has failed to comply with the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of

unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Scott to update his address explicitly stated that failure to comply "may result in . . . a recommendation that this case be dismissed." (ECF No. 56 at 4.) Thus, Scott had adequate warning that dismissal would result from his noncompliance with the Court's order to update his address. Scott has nevertheless failed to comply with the Court's order, and his case should be dismissed accordingly.

**I.  CONCLUSION**

For all of these reasons, it is recommended that this action be dismissed with prejudice based on Plaintiff's failure to update his address.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

///

///

///

## II. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: December 8, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**